Judge RAKOFF,
concurring:
The conduct of the prosecution in this case was grossly improper. The State intentionally suppressed Brady material that, as the California Court of Appeal acknowledged, could have been used to impeach the State’s star witness, Anthony “Kaos” Perry.
Moreover, the State’s case against Flowers was tenuous. Flowers’ first trial re- *869 suited in a hung jury, and at his second, the jury voted to convict only after two days of deliberations and the substitution of an alternate juror. Other than Perry’s recanted testimony, the only evidence linking Flowers to the three shootings was: (1) Flowers’ ambiguous post-arrest statements regarding the Christmas Day shooting, which the prosecution claimed showed consciousness of guilt; (2) Perry’s alleged statement to a convenience store clerk immediately before the January shooting that he had been shot the week before and that “people were after him,” which both Perry and the clerk denied on the stand; (3) the account of the February shooting given by Luis Carmona, who admittedly caught only a glimpse of the shooter while not wearing his eyeglasses, and whose testimony contradicted another eyewitnesses’s statement regarding such basic details as whether the shooter’s car was black or white; and (4) ballistics evidence indicating that the same gun was used in the January and February shootings, without any evidence tying that gun to Flowers.
Nonetheless, if the State’s evidence was thin, the impeachment value of the suppressed material was thinner still. Perry’s involvement in the Big Fly murder did not give him an incentive to falsely identify Flowers (who was not present during that crime) as his assailant in the subsequent shootings. Nor did the fact that the police questioned Perry about the Big Fly incident after Flowers’ first trial explain why Perry then recanted his earlier testimony; if anything, a criminal’s realization that the police may be “on to him” gives him more incentive to curry favor, not less.[1] And while I disagree that evidence suggesting that Perry was a cold-blooded murderer, rather than a mere gang member, would be merely cumulative, it is not clear how the hearsay statements contained in the investigatory file would come into evidence.
In short, despite the egregiousness of the State’s misconduct and the weakness of its case, I cannot conclude that any “fairminded jurist[ ]” would find the suppressed evidence to be material. See Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (internal quotation marks omitted). Accordingly, I join the majority in affirming the judgment of the district court.

. The theory that Flowers actually argued to the jury at his second trial was far more plausible — that Flowers fabricated his testimony at the first trial in order to obtain early release from the robbery sentence that he was serving at the time, and then recanted after the government reneged on the deal; but the jury, by their verdict, rejected that argument.